THE CITY ICE & FUEL CO. *v.* KARLINSKY.

(Decided April 22, 1929.)

*Messrs. White, Cannon & Spieth,* for plaintiff in error.

*Mr. Thomas Long* and *Messrs. Cerrezin & Wilson,* for defendant in error.

VICKERY, P. J.   This action comes into this court on a petition in error to reverse a judgment rendered against the plaintiff in error in the common pleas court.

From the record we learn that the plaintiff in error is a self-insurer, as it may well be, under the laws of Ohio, and was engaged in the coal and ice business, and that the defendant in error's decedent, her husband, was, at the time when it is alleged the injuries took place, employed in delivering coal for the plaintiff in error company, and the record fur-

ther shows that on the day of the injury he was driving a team of horses attached to a coal wagon, and was engaged in delivering a load of coal for the plaintiff in error company, and that after he had delivered the coal, while making the return trip, he was driving on one of the streets of Cleveland at an ordinary speed — that is, I believe the team of horses was walking and he sitting upon the seat driving—when one of the wheels of the wagon went into a hole about a foot or more in depth, and of enough width to permit a wagon wheel to enter, and the wagon wheel dropping into this hole startled the horses and threw the driver from his seat, so that he fell onto the street, striking his head on the pavement, breaking his arm, and becoming unconscious. He was first taken to the police station, and then to the hospital where in a few days he died. A claim was made for compensation by the widow, Anna Karlinsky, the defendant in error here, which compensation was denied on the ground that the death of the husband resulted from alcoholism, and not from an injury, and all compensation was refused. Within the time provided by law the claimant, defendant in error here, filed a petition in the common pleas court of this county, where the case was tried *de novo,* and the judgment that is complained of by the plaintiff in error here was rendered, to reverse which judgment error is prosecuted.

It is argued in this court, that, inasmuch as there was some evidence to show that this man was intoxicated, he ceased to be in the employ of the company within the meaning of the law, even though it is admitted that he was returning from delivering a load of coal when he was precipitated to the street

from his seat on the wagon, and is further admitted that in this fall he received a compound fracture of the arm. But it is claimed that, inasmuch as he was intoxicated, he could not recover compensation.

We think the question in this case is whether this man received his injury while in the course of his employment. Now, upon that point there can be but one answer, and that is that he was employed to deliver coal for the plaintiff in error company, and was returning with their team and wagon from delivering coal when the accident occurred. Whether that injury resulted in his death might be questionable, but as to the question of receiving an injury while in the course of his employment there can be but one answer, and that to the effect that he did receive such an injury; and, even though he was intoxicated, that would not make him any the less an employee of the company, nor would it make him any the less entitled to compensation.

We do not understand that, if a person is seeking compensation, he is debarred because of his own negligence. We do not understand that the law in Ohio anywhere says that, if a man is intoxicated when he is working for another and is injured, he cannot recover compensation. It would be a singular proposition if the defendant company could employ a man who was in the habit of becoming intoxicated, and then when he became intoxicated, while in their employ and driving their vehicle, a team of horses attached to a coal wagon, injured somebody, the company could escape responsibility because the man, being intoxicated, ceased to be the employee of the company.

We know that counsel who argued this case does

not go to that extent, but if his argument is followed out to its logical sequence that would be the result of it; that is, the employee, if intoxicated, was no longer employed by the company, even though he was actually pursuing the work of the company for which he was employed. If this were so, and he was not working for the company, then any act he might commit would not be the act of the company, according to the argument made in this court. We cannot follow that kind of an argument, nor are we impressed by it. The record plainly shows that, when this man received his injury, he was working for the company and received the injury in the course of his employment. Now, whether he was intoxicated or not might be questioned. The record in this case shows that this man had in his pocket a half pint bottle, one-half filled with whisky, and there is nothing in the record to show but that it was procured on a prescription from a doctor. Undoubtedly there may have been odors of whisky from his breath. That does not necessarily mean that a person is drunk or intoxicated.

The record shows that the death certificate, signed by the coroner, gave as the cause of death:

"The cause of death: Accidental fall from wagon, intoxicated, Jan. 18th, 1926. Fract. left arm, humerus, infection, arm, forearm.

"Contributory (secondary) acute myocarditis delirium tremens.

"Was there an autopsy? Yes. St. Alexis.

"What test confirmed diagnosis? Autopsy.

"[Signed] A. P. Hammond."

In addition to the certificate of the coroner is the testimony of Dr. Burke in answer to a hypothetical

question, and there cannot be much trouble with the hypothetical question, unless one is hypercritical. For instance, it is objected to because the question put gives the age at 50 years. Now, the record shows that deceased was somewhere between 49 and 50, and the other objections to the facts contained in this hypothetical question were equally hypercriti-, cal. We think the evidence in this case fairly warranted the hypothetical question that was put to Dr. Burke by the counsel for defendant in error, who was plaintiff below, and his answer to it supports the cause of death as given by the coroner in his certificate.

We think there was evidence in this record that would warrant the judgment that was rendered in the common pleas court. We think that the record shows that this man died from the injuries that were received while he was in the course of his employment, and that the defendant in error was a dependent and filed her claim in the proper manner, and, that being refused, a proper appeal was taken to the common pleas court. The case was properly tried, and we can see no error in the judgment rendered.

*Judgment affirmed.*

SULLIVAN and LEVINE, JJ., concur.